We will now take up H.I.S.C., Dipalma v. Rajanayagam, and please correct my pronunciation. I guess Mr. Handel? Yes, ma'am. Thank you. May it please the Court. The pronunciation is Rajanayagam. Thank you. For the most part, I just have a few comments because I think the papers were complete, well-briefed, and I think it gave the Court ample basis from which to make a decision. I just want to point out that the appellees claimed colored brooms and brooms of various sizes, and that the Court, ultimately, following a jury trial, ended up finding that those were not covered as part of the trade dress. And I just want to point out that, again, that the standard is objective unreasonableness. I think there was ample basis, as laid out in the brief, for the appellants to litigate, to reduce the scope and define the trade dress, particularly in light that there was this competing patent that was owned by a third party who appeared to claim the exact same trade dress in the U.S. patent, 664 patent. And with that, unless you have any questions, I'll reserve my time. I had one question, and it's for both sides. I'm trying to figure out, obviously, trials are different than appeals, but were there any that were at issue at the trial? Let me address that and seek a little bit of a clarification. Ultimately, when we got to trial, the case had been narrowed because there were defaults for failures to appear and summary judgments. And so the case had wound down to a series of issues that are detailed in the brief. I understand that. Let's assume the complaint has two claims for relief. Were they both the subject of the appeal? Yes. Oh, yes, yes. You're talking about the earlier appeal. Yes, the totality. That's right. We found on an earlier appeal that attorneys' fees were not warranted. Now you're back, and I'm trying to figure out whether the case was in large. In other words, whether or not the claims that the first appellate court addressed were any different than the claims in the trial court addressed. Okay, thank you. No, the appeal of the judgment encompassed all of the claims that were tried. Okay. That's really all I was asking. Thank you. But I want to punctuate that this court didn't just find that attorneys' fees weren't appropriate. This court unanimously found and explicitly stated that this was not an exceptional case. Thank you. Can you answer my question? Ms. Dockner? Dockner. Good morning. Thank you, Your Honor. May it please the Court, I'm Raquel Dockner for the Respondents. The District Court's award of attorneys' fees and costs to my client should be left undisturbed for the following three reasons. First, the District Court alone has authority to make the determination of fees up through trial under the Lanham Act. Second, the law of the case doctrine does not apply when the issue before this Honorable Circuit Court on fees only addressed the counterclaim for trade dress infringement and did not deny fees for five years of litigation, which included prosecution of the complaint. That's why I asked your friend this issue. Did you seek fees? Yes, Your Honor. For those five years while on appeal? No, Your Honor. Absolutely not. You couldn't, of course, because the only issue on appeal was fees for the appeal. Our court said it wasn't an exceptional case. There weren't exceptional circumstances. So what I'm trying to figure out is why after we said the case didn't involve exceptional circumstances, the District Court was free to make a contrary conclusion. Absolutely, Your Honor. And the answer to the question that you posed, it's no. On the first appeal, the first appeal was only on overturning the jury verdict that found in favor of my clients for trade dress infringement. So it was only on that one cause of action. There were five years of litigation before the District Court involving a whole host of other issues. We had to defend against the appellant's complaint. They brought two frivolous claims to trial that we had to defend against. So this was tried. This took up time in our five-day jury trial. They had these claims for interference with prospective economic advantage and unfair competition. And these were frivolous because they made no effort to meet the crucial element of damages. Were those claims the subject of the appeal? No, Your Honor. So the issue before the appellate court, we requested fees under Federal Rule of Appellate Procedure, Rule 39, only for fees on the appeal, which was based on appellant's attempt to overturn the jury verdict on one cause of action, trade dress infringement, that was found in my client's favor. The appeal, we certainly didn't appeal any of the other causes of action at trial because we had prevailed. Let me interrupt you for a second. The only basis for fees would be the Lanham Act, correct? Yes, Your Honor. So the other causes of action did not deal with the Lanham Act, did they? Yes, Your Honor. Actually, may I? No, let me ask. I want to be clear. With respect to the Lanham Act claims, didn't the appeal involve all the Lanham Act claims? No, Your Honor, and I'd like to rephrase my answer to your prior question. The other causes of action did address the Lanham Act because we were dealing with unfair competition, which was unfair competition based on the Lanham Act. Also, the reason why the district court was allowed to depart from the appellate court's ruling, not just because the district court alone has that authority, the discretion to rule up through trial, but because the appellate court, in ruling on whether fees were allowed on the Lanham Act, was only looking on what was on the record on appeal. So on the appeal, you've got about 800 pages of records. The briefing between the two parties was slightly over 100 pages. They certainly did not have the whole record before it. In the five years of litigation, the trial court had, I mean, there was 20,000 pages of records before the trial court. There was depositions out of state. There was this five-day jury trial. There were two motions for summary judgment brought by the appellants. There were 19 motions in limine. There were 1,500 pages of trial transcripts. There were post-trial motions. There was substantially more on the record before the district court in making its determination. And the other causes— Let me ask my question again because I want to be clear about it, and I'm not sure from either side I've gotten the information I need. There were a whole bunch of claims in the complaints and counterclaims in this action. But I'm focusing on Lanham Act claims for the moment. Didn't the first appeal involve all the Lanham Act claims before the trial court? In other words, wasn't it appeal from a contrary jury verdict with respect to the Lanham Act claims that were submitted to the jury? Only the trade dress infringement cause of action that my client prevailed on. The appeal did not address the appellant's complaint that had declaratory relief for non-infringement and was also seeking the causes of action for unfair competition and the interference with prospective economic—  So I'm trying to focus for a moment because the fee provision we're worried about is the Lanham Act provision, which requires exceptional circumstances. And I'm trying to figure out whether there were parts of the Lanham Act case, Lanham Act alone, not the other causes of action, that didn't come up to us in the first appeal. Yes, Your Honor. And the reason we also pursued before the jury, we had two unfair competition causes of action. I'm not worried about those. I'm worried only about the Lanham Act claim. See, the question is whether or not, in our finding the first time through, that this wasn't an exceptional Lanham Act case. We had the whole Lanham Act case in front of us. Not the state law claims, not the Rosenthal Act, whatever other ones, just the Lanham Act claims. And as I read this record, the first time up, they appealed the—they sought a review of a judgment entered into after a jury verdict in your favor on Lanham Act claims. So that's what I'm—it may or may not make a difference, but I'm still trying to get an answer to that question. Yes, Your Honor. So they were appealing the jury verdict in our favor on the Lanham Act claim, but it wasn't the whole—they were only really contesting the one issue of part of the secondary meaning issue. So it really wasn't the whole record of finding the trade dress infringement that was put up before the appellate court. It was only the parts of the record where they were saying the trial court abused its discretion. Let me put it another way. So you filed the complaint, and I'm looking at it. I see one Lanham Act claim in your complaint. Am I right? Counterclaim, yes, Your Honor. Well, I'm looking at the complaint. We prevailed on our counterclaim, which you are correct, had the one cause of action under the Lanham Act. The appellants had their complaint, which also included Lanham Act claims. And the appellant's complaint, which also had Lanham Act claims, was not before this Honorable Circuit Court on the first appeal. Because they lost. Correct, Your Honor. It still was a second Lanham Act claim for the district court, is what you're saying, that they lost at a jury trial. Oh. Correct, Your Honor. Yes, the complaint, they did not prevail on their complaint at the jury trial. And you prevailed on your counterclaim. Correct, Your Honor. Now, with respect to the Lanham Act, the complaint and counterclaim went to the jury, did they not? Yes, Your Honor. And the jury ruled in your favor? Yes, Your Honor. And then when we came up on appeal, they said, the jury shouldn't have ruled in your favor. Or, we should send it back, counsel, your time's up, we'll get back to you. So I'm just trying to figure out what Lanham Act issue wasn't in front of us on the first appeal. Not all the other stuff that they tried on and failed. What Lanham Act issue wasn't in front of us on the first appeal? So even though their complaint on trial only went forward on their two causes of action, we still had to defend against their other complaint causes of action over this extended period of time where we were litigating these claims. But there's no attorney's fee statute that entitles you to fees for defending against anything but the Lanham Act cause of action. And that's why I'm trying to focus on whether or not we had the whole Lanham Act case in front of us on appeal, or whether there were some part of the Lanham Act case that we just didn't even have to consider the first time on appeal. Yes, Your Honor. This court did not have to consider on appeal appellant's complaint causes of action for declaratory relief under the Lanham Act. They only dealt with our prevailing on the counterclaim for trade dress infringement. The declaratory relief you only get if you win. It's not a separate cause of action. It's just a form of relief. So they tried their Lanham Act case to the jury. You tried your Lanham Act case to the jury. You won. Yes. And they appealed. And we said, you still win, but it's not exceptional. And so I'm trying to figure out what part of the Lanham Act case wasn't in front of us the first time. Not all the other causes of action. And so far, I don't think you've told me what part of the Lanham Act case wasn't in front of us. They may not have been entitled to declaratory relief. They may not have been entitled to an injunction. But they lost. That's why. Your Honor, if you'd like, I can pull up their complaint. Well, we can look at it. And we've taken you over time. If I could just address one more point. As you've mentioned, this Honorable Circuit Court on our first appeal did not find it exceptional. However, in Gracie v. Gracie, it explicitly says that the Senate report for 15 U.S.C. 1117A expressly commends the decision of fees for an exceptional case to the District Court. So the discretion is solely in the District Court's authority. The U.S. Supreme Court has upheld this. It has said the trial court's in the best position to make the determination of an exceptional case because it lives with the case for a long period of time. The law of the case doctrine case is cited by appellant. They cite to the case of U.S. v. Miller, which crucially it has this quote in it that says, The law of the case doctrine goes towards discretion. It is not like race judicata, which compels judgment. And so when we're looking to the discretion, the District Court exclusively had this authority to make this decision. And there's numerous case law that supports that. And it's certainly really the standard we should have been looking at. It's not law of the case doctrine. It's abuse of discretion. And nothing pointed out by appellants shows that the District Court abused its discretion. They appropriately applied the totality of circumstances test. There is nothing that appellants point to that showed that the District Court was clearly wrong, which is the standard they would have to show to meet that abuse of discretion. All right. Thank you, counsel. You're well over your time. Thank you. Mr. Handel? Yes, I'll be brief. To answer the court's question, the appellee prevailed on one cause of action, the federal unfair competition cause of action, the trademark trade dress action, and earned a judgment of $265,000. And that entire decision was appealed to this court. Now, appellee at that time made the decision to ask for attorney's fees and therefore teed up that question to this court as to whether or not there is an exceptional case. This court answered the question very clearly and denied the request for attorney's fees and made the finding that this was not an exceptional case, which is more than amply founded in the facts of this case. The fact is, as the court could see, in the initial complaint, the appellate sought declaratory relief against the enforcement of trade dress that was amorphous and confused and overreaching, sought a declaratory relief against the enforcement of a patent that bore or described the same trade dress, and so raising a question, who owns that trade dress? Well, the only way a party can resolve that is by taking it to court and getting declaratory relief as to what their rights are. In response, the appellate received a cross-complaint to establish trade dress in this particular appellee, an issue that had not existed before because they had not had the trade dress registered, and come to find that at the end of the day, the trade dress that they originally claimed in their counterclaim included size and color, they lost on that. At the end of the day, the trade dress was defined, capsulized, and made clear so that the appellate knows what that trade dress is. And that's how you do it. You litigate. There's nothing unusual about it. Counsel, I have a question for you. So under Octane Fitness, an exceptional case is defined in one way as the unreasonable manner in which the case was litigated. Isn't it a fair possibility that what the Court of Appeals, what we saw of how the appeal was litigated was something vastly different than what the district court saw and found to be unreasonable and then sought to award attorney's fees to advance considerations of compensation and deterrence? I mean, I think that it's fair to say that the district court could have seen a very different case in the five years than the Court of Appeals saw in just in the filing of the briefs and the oral argument. I will first assert that the entirety of that issue, of the issue, the Lanham Act issue, was brought to the appellate court. Now, on the point as to whether the court, the district court, Honorable Judge Benitez, saw certain litigation conduct at variance from the norm, granted, there may be a basis in that situation for the court to enter an award of attorney's fees or make a different finding because the facts are different. However, when you read, objectively read, Judge Benitez's decision, no such facts, no evidence of abhorrent or unusual litigation tactics are detailed. He cites to, he cited to an email that was introduced in evidence as evidence and concluded from that email that the appellants wanted to drive the appellees out of business. Well, okay, you know, let's just say that, first of all, I think that the connection is tenuous at best and that nothing more beyond the email that would keep the villagers busy making brooms so they can't sell to the defendant doesn't support that motivation. Here's my problem with that. If we hadn't confronted, we, the prior panel, not the three of us, the prior panel hadn't confronted the issue of whether or not this was an exceptional case and we were simply reviewing Judge Benitez's ruling that it was, I would be very much inclined to defer to him because we would be, we would be required to find that he engaged in abuse of discretion. You'd have a very uphill argument on that. So, to me, your only strong argument in this case is that we've already ruled on this issue. If you have to convince me that the judge abused his discretion in the absence of the prior ruling, you'd have a hard time. Fair enough, fair enough, and I accept that. And I, preliminarily and foundationally, rest my argument on the point that this court, this body, this panel, not this panel, but this body has already made the determination. But as an aside, when you look at Judge Benitez's decision on attorneys, on the decision of exceptional case, there are no recitation of facts. He relied on left coast wrestling, which was a variance to a greatly different situation. That was a defendant that was, that abused the process. There's no evidence of that, none. And so I would say, at least to that degree, that there was a bit of abuse of discretion. And perhaps the remedy on that point, if the court is not inclined to agree that the law of the case applies, send it back to Judge Benitez for more findings. Because this attorney's fees award doesn't provide that guidance. And I'm out of time. All right, thank you, counsel. HIC versus Rahan Yam. Rajanayagam. Sorry. Say it again, say it again. I want to get this right. Rajanayagam. Rajanayagam, thank you. Okay.
judges: WARDLAW, HURWITZ, Bough